UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CR-0073-CVE |
| | ) |
| HUONG THI DAO, | ) |
| a/k/a "Heather," | ) |
| previously named as Huong Thi Tuyet Dao, | ) |
| CHEN CUI FENG, | ) |
| a/k/a Helen, | ) |
| MINH THANH PHAM, | ) |
| ARIEL NICOLE ROBINSON DUNN, | ) |
| DENIS HENRI LANGEVIN, | ) |
| MINH LEE FEARNLEY, | ) |
| HUNG VAN NGUYEN, | ) |
| a/k/a Jimmy, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes on for consideration of the Unopposed Motion to Continue by Defendants Dao, Pham, Dunn, Langevin, Fearnley and Nguyen (Dkt. # 372). Defendants state that there have been ongoing difficulties with the production of discovery materials to defense counsel, and the parties are working on a way to make over 8 terabytes of data available to defense counsel. At present, all of the information contained in the 8 terabytes of data is unavailable to defense counsel, and defense counsel argue that they cannot adequately represent their clients without access to this information. Defendants ask the Court to continue the trial to the October 2016 jury trial docket, and each defendant has executed a speedy trial waiver. Dkt. ## 370, 372-1, 373, 377, 378, 384, 404.

On April 14, 2014, defendants Ban Kien Lam, Huong Thi Tuyet Dao, Jason Eric Johnson, Chen Cui Feng, and Liem Thanh Vu were charged with conspiracy to commit an offense against the

United States (count one), smuggling goods into the United States (counts two and three), and conspiracy to commit money laundering (count five). Dkt. # 2. Feng was also charged with using a communication facility to commit or facilitate a drug trafficking offense (count four). On June 9, 2014, a grand jury returned a superseding indictment (Dkt. # 9) adding Tim Minh Tran, Minh Thanh Pham, Duc Huy Vu, Stanley Wayne Gunter, Ariel Nicole Robinson Dunn, and Denis Henri Langevin as defendants. All of the defendants were charged with conspiracy to commit an offense against the United States (count one) and smuggling goods into the United States (counts two and three). Defendants Tran, Lam, Johnson, Feng, Dao, Liem Thanh Vu, Pham, Duc Huy Vu, Gunter and Langevin are also charged with conspiracy to commit money laundering (count four). Many of the defendants do not reside in Oklahoma, and some of the defendants are represented by attorneys from Nevada and Louisiana.[1] The Court entered an order (Dkt. # 85) declaring this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et al., and the trial was set for May 11, 2015.

    The government initially stated that it would produce a substantial amount of discovery to defendants, which included at least 100,000 pages of documentation. Dkt. # 59, at 2. In addition, search warrants were executed at a residence and two businesses in Baton Rouge, Louisiana, and the government seized numerous documents and 15 computers. Id. at 2-3. Before the documents could be provided to defendants, the government intended to submit the documents and computers to the National Advocacy Center in Columbia, South Carolina for scanning. Id. at 3. After the documents were scanned, the government proposed that the documents would be produced to

---

[1] The government states that Feng is a citizen and resident of China, and Feng was a fugitive as of July 28, 2014. Dkt. # 59, at 2 n.1. Feng has not made an initial appearance in this Court and she remains a fugitive.

defendants in a searchable pdf format around October 1, 2014. Things did not go according to the government's plan. By November 2014, the government had produced two flash drives containing over 120,000 pages of documents, but the documents were not searchable and the documents appeared to be of little value to defense counsel in preparing their client's cases for trial. Dkt. # 183, at 2. The government produced certain "hot documents" to defense counsel, but the same documents were not produced to each defendant. Id. at 3. The government's discovery coordinator and certain defense counsel met several times, and the government estimated that discovery would be fully produced by May 1, 2015. Id. Defense counsel sought to find a way to work together to review discovery to reduce costs, but they were unable to come up with a discovery plan or submit proposed budgets until all of the discovery was produced. Id. at 5.

Defense counsel asked the Court to strike the scheduling order and set this matter for a scheduling conference. Dkt. # 183. The Court held a scheduling conference on March 2, 2015, and counsel for each defendant was present. Dkt. # 197. Julia O'Connell, counsel for Lam, outlined the concerns of defense counsel and explained why it would be unreasonable to expect defense counsel to prepare for trial under the existing scheduling order. The Court granted the motion to strike the scheduling order and reset the trial for November 16, 2015. Dkt. # 201. On August 11, 2015, a grand jury returned a second superseding indictment (Dkt # 262) adding charges against defendants Minh Lee Fearnley and Hung Van Nguyen. Nguyen made his initial appearance before a magistrate judge on September 25, 2015. Fearnley was arrested in Nevada, and he was transferred to this Court under Fed. R. Crim. P. 5. Dkt. # 353. Fearnley made his initial appearance in this Court on October 9, 2015. Nguyen and Fearnley filed a motion to continue all deadlines in the scheduling order, including the jury trial, but the motion failed to specify the length of the continuance sought and

Nguyen and Fearnley failed to note whether any other party objected to the motion. Dkt. ## 357, 359. The remaining defendants filed a separate motion (Dkt. # 361) to continue the jury trial to July 2016. The Court granted Fearnley's and Nguyen's motion and continued the jury trial to December 14, 2015. Dkt. # 364. However, the Court denied without prejudice the motion to continue the trial to July 2016, because the motion (Dkt. # 361) failed to provide any specific facts supporting the requested continuance.

     Defendants have renewed their request for a continuance and they now ask the Court to continue the trial to October 2016. Dkt. # 372. The Court has appointed Shazzie Naseem as a coordinating discovery attorney (CDA), and Naseem has been assisting the parties with the production and review of electronic discovery. Naseem states that there are at least 8 terabytes of data that the government intends to produce to defense counsel, but the data is not currently accessible to defense counsel. Dkt. # 371, at 3. The data could contain between 65,920,000 and 618,000,000 documents. Id. The government produced hard drives containing the discovery materials to the CDA and the CDA provided the materials to a third-party vendor to process the materials, but the hard drives crashed and the discovery materials could not be extracted. Id. at 4. Defense counsel represent that the data cannot be produced until at least January 2016 and that it will take approximately 90 days to make the materials available for review by defense counsel. Dkt. # 372, at 3. This assessment is consistent with the CDA's report (Dkt. # 371).

Defendants have requested a continuance under § 3161(h)(7)(A) the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Given the problems with the production of discovery to defense counsel, the Court finds that an ends of justice continuance is appropriate under the circumstances. However, it is not clear that the parties need until October 2016 to prepare for trial. The Court must take into account that the original indictment in this case was filed in April 2014, and the case has already been pending for over a year and a half. Defense counsel should be given adequate time to review the 8 terabytes of data, and the report provided by the CDA extensively outlines the difficulties faced by the parties in making such a large amount of data available to defense counsel. See Dkt. # 371. Trial is currently set for December 2015, and it would clearly be unreasonable to require defendants to go to trial in December 2015 when additional discovery will not even be produced to defense counsel until January 2016. Id. at 4. The Court finds that the trial should be reset for July 2016 to allow the parties additional time to complete discovery. The parties should take all reasonable measures to expedite the production and review of discovery materials.[2] In addition to the interests of the defendants, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Unopposed Motion to Continue by Defendants Dao, Pham, Dunn, Langevin, Fearnley and Nguyen (Dkt. # 372) is **granted in part** and **denied in part**: the Court finds that an ends of justice continuance is appropriate but the continuance requested by the parties is longer than reasonably necessary.

---

[2] The Court notes that the government is in possession of the discovery materials, and there is particularly a burden on counsel for the government to take all reasonable measures to expedite the production of discovery to defense counsel.

**IT IS FURTHER ORDERED** that following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 6, 2016 |
| Responses due: | June 20, 2016 |
| PT/CP/Motions Hearing: | **July 6, 2016 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | July 11, 2015 |
| Jury Trial: | **July 18, 2016 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from December 14, 2015, inclusive, to July 18, 2016, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that the government is directed to respond to Defendant Ariel Dunn's Motion for Bill of Particulars (Dkt. # 330) no later than **November 24, 2015**.

**DATED** this 17th day of November, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE